IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD TREVINO,<br>Plaintiff<br><br>v.<br><br><br>HARTFORD LIFE AND<br>ACCIDENT INSURANCE COMPANY,<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO.<br>   1: 21-cv-948 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Hartford Life and Accident Company wrongfully denied Richard Trevino's claim for long-term disability benefits.

## I. PARTIES

1. Plaintiff Richard Trevino is a resident of San Marcos, Hays County, Texas.

2. Defendant Hartford is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas. 75201-3136.

## II. JURISDICTION AND VENUE

3. This lawsuit is a claim for disability benefits provided by a group welfare benefit plan governed by the Employee Retirement Income Security Act

1

of 1974 (ERISA). This suit is brought under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA. This court has jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of ERISA. Venue is proper in the Western District of Texas, Austin Division, in accordance with 29 U.S.C. 1132(e)(2) as the disability benefit payment obligations under the plan are to Trevino at his home in San Marcos, Texas.

### III.  STATEMENT OF FACTS

4. Prior to becoming disabled, U.S. Army Veteran Richard Trevino worked at an Amazon warehouse. In keeping with its marketing veneer, Amazon refers to his prior position as a "Fulfillment Associate." His work was classified as medium physical work. He would relocate products within the warehouse using forklifts and other loading devices as well as pack them for shipping. The physical requirements of his job included working on his feet continuously, lifting, carrying, and loading packages, climbing and descending stairs continuously, and working at heights of up to 40 feet.

5. In June, 2020, due to acute kidney and liver failure and sepsis, Trevino was treated in the intensive care unit at Christus Santa Rosa Hospital in San Marcos. He was then transferred to a long-term acute care center for over a month for ongoing treatment including antibiotics, dialysis, and physical therapy. In addition to acute kidney failure, during this period Trevino suffered from (and continues to suffer from) type 2 diabetes, leg and feet pain, swelling, and

numbness, and impaired vision due to cataracts and proliferative diabetic retinopathy. Trevino could no longer work as of June 11, 2020.

6. By virtue of his employment, Trevino had short and long-term disability coverage. His long-term disability (LTD) coverage was under a group disability policy insuring Amazon employees, administered and underwritten by Hartford Life and Accident Company.

7. Trevino applied for short-term disability (STD) benefits. He was found disabled and approved for STD benefits for the maximum period of 180 days. His STD benefits ended on December 8, 2020.

8. Due to ongoing complications and impairments from stage IV kidney disease, liver disease, foot and leg neuropathy, type 2 diabetes with complications, diabetic macular edema and proliferative diabetic retinopathy, and severe fatigue from these conditions, Trevino was unable to return to work after his STD benefits expired. He applied for LTD benefits under the Hartford group policy. As a condition of receiving LTD benefits, the insured is required to provide evidence that he or she was disabled during the elimination period of 180 days, the period when Trevino was approved for and received STD benefits.

9. The policy's definition of disability for LTD benefits is that the insured is unable to perform one or more of the essential duties of his own occupation during and after the elimination period.

10. Despite the approval of STD benefits for 180 days, and despite the fact that Trevino's constellation of serious illnesses did not improve during that time

period, Hartford denied Trevino's claim for LTD benefits by letter dated March 26, 2021. Hartford contended that Trevino had not provided sufficient evidence to prove his disability during the elimination period.

11. Trevino timely appealed Hartford's adverse benefit determination. He explained why he was disabled during the elimination period, and remained disabled:

> "I fell ill from sepsis causing kidney and liver failure and was admitted to the hospital where I contracted Covid-19 making it difficult to walk and breathe due to nerve damage. I was put on emergency dialysis. I still have difficulty staying on my feet for no longer than an hour before they start to swell. I feeling (sic) exhausted, tired and weak and experiencing memory loss, not able to perform daily activities.
> I've lost use of my right eye and have difficulty seeing out of my left eye. I'm in need of continuous doctors visits and eye exams."

Trevino provided a wealth of documents in support of his appeal, including voluminous hospital records from emergency treatment in 2021 and a statement from his treating physician that he remained disabled.

12. Despite the clear evidence that Trevino was not able to return to work, Hartford denied Trevino's appeal by letter dated August 6, 2021. In summary, Hartford again determined that Trevino was not disabled during the policy's elimination period. Hartford advised Trevino that his administrative remedies available under the policy had been exhausted and his only remaining recourse was to file a suit for benefits under 502(a) of ERISA.

**Exhaustion of Appeal Requirements**

13.  Trevino has exhausted the administrative appeal requirements of the policy by virtue of his timely appeal and therefore can bring this suit for benefits.

**Hartford's Decision to Deny LTD Benefits to Trevino Was Contrary to the Preponderance of the Evidence Or Was an Abuse of Discretion**

14.  Even if there is language in the policy or plan-related documents that is deemed to grant Hartford discretion to make benefit determinations under the policy, these discretionary provisions are unenforceable as to Trevino's claim because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas.  Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203.  This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.  As a result, this Court should evaluate Hartford's decision under a preponderance of the evidence standard of review.

15.  The preponderance of the evidence indicates that Trevino remained disabled, as that term is defined within the Hartford group policy, during the entire elimination period and remains disabled.  As a result, LTD benefits should be awarded Trevino.

16.  In the unlikely event that Hartford is found to have retained its discretionary authority so that this matter is reviewed under an abuse of discretion standard of review, and that this tilted playing field is deemed lawful by this Court

when evaluating a disability claim of a Texan, Hartford abused its discretion in denying Trevino LTD benefits.

17.  Since Hartford's decision to deny Trevino LTD benefits resulted in Hartford saving money, as the carrier is both the decision-maker and the underwriter of benefits, Hartford acted under a conflict of interest when it decided Trevino's claim and his appeal.  If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not Hartford abused its discretion.

## IV.  CAUSE OF ACTION UNDER ERISA

### Claim for Disability Benefits

18.  Trevino seeks to recover his disability benefits from December 9, 2020 to the present, and additional LTD benefits while this suit is pending, under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

## V.  RELIEF REQUESTED

19.  Upon a finding of disability, the policy entitles Trevino to 60% of his pre-disability earnings.  Trevino's pre-disability earnings were $2718.35 per month.  Sixty percent of $2718.35 is $1631.01 per month.  As a result, Trevino is entitled to LTD benefits in the amount of $1631.01 per month, beginning December 9, 2020.  As of December 9, 2021, Trevino is entitled to the sum of $19,572.12 in back benefits ($1631.01 x 12 months).  Trevino requests these back benefits as well as additional monthly benefits that accrue after December 9, 2021 but during the pendency of this litigation at the rate of $1631.01 per month.

## VI.  ATTORNEY'S FEES

20.  Trevino requests his attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, Trevino requests back benefits in the amount of $19,572.12, plus monthly disability benefits that accrue after December 9, 2021 but while this case is pending at the rate of $1631.01 per month.  He also requests his attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By:   */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Richard Trevino**